IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DON CARLOS URRUTIA, | : | |
| | : | |
| Petitioner, | : | Case No. 4: 05-CV-1426 |
| | : | |
| v. | : | |
| | : | |
| JAMES WYNDER & PA STATE ATTORNEY GENERAL, | : | (Judge McClure) |
| | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

April 27, 2006

**BACKGROUND:**

This pro se petition for a writ of habeas corpus was initiated by Don Carlos Urrutia, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania. Petitioner filed the instant petition initiating a collateral challenge to his state conviction pursuant to 28 U.S.C. § 2254 on July 18, 2005.[1] On September 2, 2005, Urrutia filed a notice of election indicating he wished to proceed with his petition as filed, but Urrutia also filed a motion for an extension of

---

[1] Previously this court had dismissed without prejudice a petition filed by Urrutia pursuant to 28 U.S.C. § 2254. See Urrutia v. Lavan, No. 03-CV-2192, (M.D. Pa. Apr. 23, 2004) (McClure, J.)  Petitioner indicates that since our dismissal he returned to the state courts.

1

time to file a supplemental petition.  We granted his motion to file a supplemental petition, which Urrutia filed on or about October 21, 2005.  On March 16, 2005, we ordered service upon the respondents and directed them to answer.

On April 12, 2006, respondents filed their answer asserting that Urrutia's petition is barred under the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1)(A), (2).  For the following reasons we agree with the defendants and will dismiss Urrutia's petition.

**DISCUSSION:**

### I.  RELEVANT LEGAL STANDARD

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d)(1).  Additionally, we may only reach the merits of a petitioner's federal claims if each claim in his petition (1) has been exhausted in the state courts, and (2) is not procedurally defaulted.  See 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v.

Johnson, 393 F.3d 373, 379-81 (3d Cir. 2004). Exhaustion is required because it gives the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)) (internal quotations and additional citations omitted). In order to provide the state with the opportunity to address the prisoner's federal claims, a state prisoner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Id. (citing Duncan, 513 U.S. at 365-66.)

## II. TIMELINESS OF HABEAS PETITION UNDER SECTION 2254

The relevant language that discusses the time limits applicable to Urrutia's § 2254 petition states that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Urrutia was found guilty of aggravated assault by a jury sitting in the Dauphin County Court of Common Pleas on June 7, 2000. He was sentenced to imprisonment for 10 to 20 years, a fine of $1,000, and payment of the costs of prosecution on August 11, 2000. On October 8, 2000, the trial court granted a motion by the Commonwealth and modified the sentence to include restitution in the amount of $7,901.25.

On December 28, 2001, the Superior Court of Pennsylvania affirmed the judgment of sentence; Urrutia did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania. On May 21, 2002, Urrutia filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. On September 24, 2002, the PCRA court granted appointed counsel leave to withdraw and issued Urrutia notice of the court's intention to dismiss the petition without a hearing. On October 25, 2002, having received no response from Urrutia to the notice of intent to dismiss, the PCRA court dismissed the petition. Urrutia did not appeal the denial of post-conviction relief.

On December 4, 2003, Urrutia filed his first petition under 28 U.S.C. § 2254 before this court docketed at No. 4:03-CV-2192. On April 23, 2004, we granted

Urrutia's request to withdraw his petition because he wished to exhaust his state remedies. At that time we noted that the statute of limitations still applied and would be calculated pursuant to 28 U.S.C. § 2244(d).

On May 27, 2005, Urrutia filed a second PCRA petition in the Dauphin County Court of Common Pleas. On July 12, 2004, the PCRA court dismissed the second PCRA petition as untimely. On April 5, 2005, the Superior Court affirmed the dismissal of the second PCRA petition as untimely.

On July 18, 2005, the instant petition for writ of habeas corpus was filed. This petition is untimely. Urrutia's judgment and sentence became final on January 27, 2002, or 30 days after the Superior Court affirmed the judgment of sentence on direct appeal. Under 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled for 187 days while Urrutia's first PCRA petition was pending from May 21, 2002 to November 24, 2002, the final date Urrutia could have appealed the adverse PCRA ruling.

Urrutia's petition was filed well after the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). One hundred and fourteen (114) days of Urrutia's 365-day statute of limitations ran before he filed his first PCRA petition. The statute of limitations next ran from November 24, 2002 until August 2, 2003, a period of two hundred and fifty one (251) days. On August 2, 2003, Urrutia's one

5

year statute of limitations for filing a habeas petition under section 2254 expired pursuant to 28 U.S.C. § 2244(d).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Urrutia's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as time barred by the statute of limitations provided by 28 U.S.C. § 2244(d).

2. The clerk is directed to close the case file.

3. There is no basis for the issuance of a certificate of appealability.

                                           s/ James F. McClure, Jr.
                                           James F. McClure, Jr.
                                           United States District Judge